CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 27 2018

JULIA C. DUDLEY, CLERK
BY: H(McDonald)
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 4:07CR00023 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CORBY RAY DILLARD, | ) | |
| | ) | By: Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Corby Ray Dillard, a federal inmate proceeding through counsel, has filed a motion pursuant to 28 U.S.C. § 2255, arguing that his designation as a career offender under United States Sentencing Guideline ("U.S.S.G.") §§ 4B1.1 and 4B1.2, is unlawful. In an April 19, 2017 Order, I stayed the case pending a decision by the Supreme Court in Beckles v. United States, No. 15-8544. Following the Supreme Court's decision in Beckles, 137 S. Ct. 886 (2017), the case was again stayed pending resolution by the United States Court of Appeals for the Fourth Circuit in United States v. Brown, No. 16-7056. Brown, too, now has been decided.[1] 868 F.3d 297 (4th Cir. 2017). Based on those decisions, and a review of the complete record, I must dismiss Dillard's § 2255 motion.

I.

Dillard pleaded guilty, pursuant to a written plea agreement, to distributing five or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1). The Presentence Investigation Report ("PSR") recommended that Dillard receive an increased sentence because he qualified as a career offender in that he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," pursuant to U.S.S.G. § 4B1.1. PSR ¶ 17, ECF No. 86. On September 25, 2008, I sentenced Dillard to a total term of 188 months' incarceration,

---

[1] Brown filed a petition for rehearing and rehearing en banc following the panel decision. United States v. Brown, 16-7056 (4th Cir. Oct. 5, 2017). The United States Court of Appeals for the Fourth Circuit denied the petition on February 26, 2018.

after concluding that he was a career offender based on a prior Virginia conviction for distribution of cocaine and a prior Virginia conviction for shooting into an occupied vehicle. I later reduced his sentence to a term of 150 months' incarceration following a motion for substantial assistance filed by the government. Dillard did not appeal.

On September 8, 2015, pursuant to Standing Order 2015-5, I appointed the Federal Public Defender to represent Dillard with regard to any claim that he might have pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). ECF 64. Defense counsel for Dillard filed such a motion, asserting that, following Johnson, Dillard should not have been sentenced as a career offender.

II.

In this § 2255 petition, Dillard challenges the constitutionality of former U.S.S.G. § 4B1.2(a), which defined a "crime of violence," in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause." He bases his argument on Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court held that an identically worded residual clause in a federal statute, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and could not be used to increase a defendant's sentence. Dillard's argument, that his "crime of violence" conviction no longer supports his career offender status because the residual clause in the Sentencing Guidelines is unconstitutional, however, is foreclosed by Beckles. In Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to a similar constitutional challenge, as they merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. Beckles, 137 S. Ct. at 895. The Supreme Court established that the Sentencing Guidelines are advisory, rather than mandatory, in 2005. United States v. Booker, 543 U.S. 220 (2005).

Nonetheless, Dillard, in a supplemental brief, argues that even though he was sentenced as a career offender under the advisory guideline scheme, "courts in the Fourth Circuit and elsewhere still kept the United States Sentencing Guidelines effectively mandatory, and applied them as effectively mandatory in the petitioner's case." § 2255 Supp. Br. at 2, ECF No. 74. Accordingly, Dillard asserts that Beckles is not controlling because his career offender status under the newly advisory guideline scheme more closely resembles an armed career criminal designation under the ACCA. This argument is unavailing.

I sentenced Dillard on September 25, 2008, three years after Booker was decided. In sentencing Dillard, I applied the extant-advisory Guidelines and sentenced him to 188 months, a within-Guidelines sentence. I did not consider the Guidelines mandatory at that time and did not apply them as such. As a result, Dillard's assertion that I failed to conform to Booker's holding is without merit. Moreover, the United States Court of Appeals for the Fourth Circuit has recently concluded that defendants sentenced as career offenders under the pre-Booker mandatory Sentencing Guidelines system cannot obtain relief on collateral review. Brown, 868 F.3d at 304.

Dillard has not shown that he is eligible for relief. Accordingly, his § 2255 petition must be dismissed. See 28 U.S.C. § 2255(a) (providing that for a defendant to obtain relief on collateral review, he must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack").

III.

For the reasons stated, I will grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence. Based upon my finding that Dillard has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTER:** This 27th day of March, 2018.

                                            SENIOR UNITED STATES DISTRICT JUDGE